UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HENRY CHAVEZ,<br><br>    Plaintiff,<br><br>v.<br><br>FAMILY MEDICAL LEAVE MASSACHUSETTS,<br><br>    Defendant. | Civil Action No. 24-cv-10330-LTS |

ORDER

February 27, 2024

SOROKIN, D.J.

For the reasons stated below, the Court orders that this action be DISMISSED without prejudice of lack of jurisdiction.

*Pro se* plaintiff Henry Chavez has filed a complaint (Docket No. 1) against "Family Medical Leave Massachusetts" in which he alleges that he was wrongfully denied benefits for "paid family medical leave." *Id.* at 4. Chavez submitted a proposed summons in which he references "Appeal number NTN-1511764" and "PFML Paid Family Leave Massachusetts." (Docket No. 1-2).

It appears from Chavez's filings that he is seeking judicial review of a decision of the Massachusetts Department of Family and Medical Leave ("DFML"). The DFML was established to administer the Massachusetts Paid Family and Medical Leave program. *See* M.G.L. ch. 175M, § 8. Under the regulations of the DFML, a request for judicial review of a

1

final DFML decision must be filed in a *state* district court "for the county in Massachusetts where the individual [claiming benefits] resides or was last employed." 458 C.M.R. § 2.14(5).

This Court—a *federal* district court—does not have jurisdiction to review the decision of the DFML. The Eleventh Amendment of the United States Constitution is generally recognized as a bar to suits in federal courts against a State, its departments, and its agencies, unless the State has consented to suit or Congress has overridden the State's immunity. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997); *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (per curiam); *Hudson Sav. Bank v. Austin*, 479 F.3d 102, 105-06 (1st Cir. 2007). Here, the Court cannot discern any claim for relief against the DFML for which the Commonwealth of Massachusetts has waived its immunity or for which Congress has overridden the state's immunity. The regulations of the DMFL gives state district courts, not federal district courts, jurisdiction to review the decisions of the defendant.[1]

Accordingly, this action is DISMISSED without prejudice for lack of jurisdiction. The *in forma pauperis* motion shall be terminated as moot and no filing fee is assessed.

SO ORDERED.

/s/ Leo T. Sorokin
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, under 458 C.M.R. § 2.14(5), a civil action for judicial review of a decision DMFL "must be commenced within 30 calendar days of the date the [DMFL]'s final decision is received by the individual." Whether this 30-day limitations period can be tolled is not a matter for this Court.